IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY LORNE YOUNGBLOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:17-CV-807-MAB |
| | ) |
| DR. JOHN TROST, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| JOHN R. BALRWIN, and ALEX JONES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the Bills of Costs filed by Defendants (Doc. 120, 133) and Plaintiff's objections thereto (Doc. 125, 136). For the reasons explained below, Plaintiff's objections are overruled in part and Defendants are awarded a portion of their costs.

Plaintiff Timothy Youngblood, an inmate in the Illinois Department of Corrections, filed his lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated when he was denied adequate medical care for two inguinal hernias over the course of four years at various correctional facilities. Defendants Dr. John Trost, Wexford Health Sources, Inc., John Baldwin, and Alex Jones moved for summary judgment and their motions were granted (Doc. 111). The case was dismissed and judgment was entered in Defendants' favor on September 30, 2020 (Doc. 112). The Court's summary judgment order was affirmed on appeal (Doc. 141-1).

Defendants Trost and Wexford filed their Bill of Costs on October 14, 2020, seeking $814.45 in costs (Doc. 120). Defendants Baldwin and Jones filed their Bill of Costs on December 10, 2020, seeking $319.25 in costs (Doc. 133). Plaintiff asserts that he should not be required to pay the costs because he is indigent and although his suit was ultimately unsuccessful, it was filed in good faith and was not frivolous, malicious, or vexatious (Docs. 125, 136). Plaintiff also baldly asserts that the costs claims were not legitimate or necessary (Docs. 125, 136).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. There is a "strong presumption that the prevailing party will recover costs . . . ." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *accord Lange v. City of Oconto*, 28 F.4th 825, 845 (7th Cir. 2022); *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). The burden is on the non-prevailing party to overcome this presumption by making "an affirmative showing that taxed costs are not appropriate." *Lange*, 28 F.4th at 845 (citation omitted); *Rivera*, 469 F.3d at 636. "This presumption in favor of awarding costs 'is difficult to overcome'; therefore, 'the court must award costs unless it states good reasons for denying them.'" *Lange*, 28 F.4th at 845 (quoting *Weeks*, 126 F.3d at 645). The decision of whether and to what extent the prevailing party may be awarded costs is committed to the district court's discretion. *Lange*, 28 F.4th at 846; *Weeks* 126 F.3d at 945.

The Court begins with Plaintiff's argument that the claimed costs were not legitimate or necessary. The Court disagrees. Defendants are seeking costs associated

with the depositions of Plaintiff, Dr. John Trost, and Wexford's corporate representative, such as transcripts and court reporter fees (*see* Doc. 120, Doc. 133). Depositions are one of the primary methods of conducting discovery, and the parties in a lawsuit are permitted to depose one another. *See* FED. R. CIV. P. 30. Making a record of the deposition in a written transcript and/or by video is essential. Deposition costs are recoverable under 28 U.S.C. § 1920. *See also Weeks*, 126 F.3d at 945. The Court has no reason to doubt that it was necessary to depose Plaintiff, Dr. Trost, and Wexford's corporate representative in order for Defendants to properly defend themselves against Plaintiff's claims. Plaintiff has not demonstrated otherwise.

The Court next considers Plaintiff's argument that he should not be required to pay the costs because he is indigent. The presumption that costs are to be awarded to the prevailing party can be overcome by a showing of indigency. *Rivera*, 469 F.3d at 634 (citing *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)); *Weeks* 126 F.3d at 945. Indigence, however, "does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera*, 469 F.3d at 635. In determining whether to hold an indigent party liable for costs, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The burden is on the indigent party "to provide the district court with sufficient documentation to support such a finding," in the form of "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Rivera*, 469 F.3d at 635 (internal quotation marks and citation omitted). Next, the district court "should consider the

amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* "No one factor is determinative." *Id. See also Lange*, 28 F.4th at 846 ("A showing of good faith alone, however, is insufficient to shield a losing litigant from paying costs.") (citation omitted).

Here, Plaintiff was granted *pauper* status when this action commenced (Doc. 5), and he has been continuously incarcerated throughout the course of this litigation. While Plaintiff did not include any documentation regarding his income or expenses with his Objections (*see* Docs. 125, 136), he submitted a motion for leave to proceed *in forma pauperis* on appeal ("IFP motion") along with a copy of his trust fund statement on the day that he submitted his Objection to the first Bill of Costs (Docs. 126, 127). The trust fund statement shows that Plaintiff's only source of income was the $10 he received each month from the state and highest his balance got was between $10 and $13 (Doc. 127). And as of October 9, 2020, Plaintiff had a balance of zero dollars (Doc. 127). The Court therefore finds that Plaintiff was not capable of paying Defendants' costs at the time the Bills of Cost were filed.

As for his future ability to pay Defendants' costs, Plaintiff did not provide any information (*see* Docs. 125, 136), but the Court notes that according to the Department of Corrections' website, Plaintiff remains incarcerated and is expected to be paroled in 2025. The Court is extremely skeptical that Plaintiff will be capable of paying Defendants' costs at any point during his remaining incarceration. The Court is equally skeptical that following his release, Plaintiff will be immediately gainfully employed, but it is possible.

As for the other factors the Court must consider, Defendants seek a collective total of $1,133.70. That sum, while not astronomical, is substantial to a prisoner proceeding *in forma pauperis.* Furthermore, the Court finds that this action was not frivolous and believes Plaintiff's pursuit of this action was in good faith. That being said, the issues presented Plaintiff's case were not close or difficult in light of all the evidence, and Plaintiff did not prevail on any of his claims. For that reason, the Court concludes that Plaintiff should not be completely relieved of the obligation to pay Defendants' costs. *See Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730, 734 (7th Cir. 1999) ("Someone has to bear the costs of litigation, and the winner has much the better claim to be spared them . . . . Straitened circumstances do not justify filing weak suits and then demanding that someone else pay the bill."). As previously indicated, Plaintiff is not presently capable of paying *all* of Defendants' claimed costs and it is highly unlikely that he will be able to at any point in the future while he remains incarcerated or even shortly after his release. Therefore, the Court will reduce the amount he owes to 20% of the requested costs, which the Court finds reasonable under the circumstances. That amount allows Defendants to recover a portion of the costs they were forced to incur and imposes a measure of accountability on Plaintiff.

## Conclusion

The Court **OVERRULES in part** Plaintiff's objection to costs and reduces the amount he owes to 20% of the requested costs. The Court **ORDERS** an award of costs in the amount of $162.89 for Defendants Trost and Wexford and an award of costs in the

amount of $63.85 for Defendants Baldwin and Jones. The Clerk of Court shall tax costs in these amounts against Plaintiff.

**IT IS SO ORDERED.**

**DATED: July 13, 2022**

                                                  s/ Mark A. Beatty
                                                **MARK A. BEATTY**
                                                **United States Magistrate Judge**